-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY FOSTER,

               Plaintiff,

            -v-

LT. DONAHUE; C.O. J. MURRAY; C.O. E. THATCHER;
C.O. G. CLEVELAND; D. VENETOZZI, Admin.
N.Y.S. DOCS,

              Defendants.

_____

DECISION AND ORDER
13-CV-1177S

Plaintiff, an inmate of the Elmira Correctional Facility, filed this *pro se* action under 42 U.S.C. § 1983 alleging that while he was an inmate at the Southport Correctional Facility he was assaulted by Defendant Correctional Officers Murray and Thatcher and that Defendant Correctional Officer Cleveland failed to protect him from the alleged assault. Dkt. # 1. He also alleged that Defendant Lt. Donahue denied him due process at a Tier III Superintendent's Hearing resulting from a Misbehavior Report filed against Plaintiff arising from the assault alleged, and that Defendant Ventozzi, Acting Director Special Housing/Disciplinary Programs, affirmed Donahue's disposition. The Court granted Plaintiff permission to proceed *in forma pauperis* and directed Plaintiff to file an amended complaint with respect to the Eighth Amendment failure to protect claim against Cleveland (Dkt. # 4, at 4-6), and the due process claim against Venetozzi, (Dkt. # 4, at 6-8). The claims against Thatcher and Murray were allowed to proceed, but service was stayed pending filing of an amended complaint.

Plaintiff has now filed an Amended Complaint wherein he alleges, *inter alia*, that Cleveland observed Murray and Thatcher assaulting Plaintiff but failed to intervene ("stop them") (Dkt. # 5, at ¶ 23), and that he filed an administrative appeal with Venetozzi from Donahue's disposition but Venetozzi affirmed Donahue's disposition with knowledge that Donahue failed to allow Plaintiff to call witnesses at the Hearing.   Thus, Plaintiff alleges that Venetozzi failed to correct the constitutional violation after being made aware of the problem (*id.*, at ¶ ¶ 40-42).[1]  Accordingly,

IT IS HEREBY ORDERED that the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint, and this Order upon the named Defendants without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;[2]

FURTHER, that the Clerk of the Court is also directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>; and

---

[1] *See Rodriguez v. Selsky,* No. 07-CV-0432 (LEK/DEP), 2011 WL 1086001, at *6 (N.D.N.Y.  Jan. 25, 2011) (prison supervisor's decision to affirm "constitutionally defective disciplinary determination at a time when the inmate is still serving his or her disciplinary sentence, and the violation can therefore be abated, falls within the *Colon* factors articulated by the Second Circuit for informing the supervisory liability analysis"), *adopted by* 2011 WL 830639 (N.D.N.Y. Mar. 3, 2011); *Garcia v. Selsky,* 680 F. Supp. 2d 479, 481 (W.D.N.Y. 2010) ("[W]hile personal involvement cannot be founded solely on supervision, liability can be found if the official proactively participated in reviewing the administrative appeal[ ] as opposed to merely rubber-stamping the results."); *see also Woodward v. Mullah,* No. 08-CV-463A, 2009 WL 4730309, at *2-3 (W.D.N.Y. Dec. 7, 2009)("The distinction [in the case law] appears to be that 'while personal involvement cannot be founded solely on supervision, liability can be found if the official proactively participated in reviewing the administrative appeals as opposed merely to rubber-stamping the results.'") (quotation and citation omitted).

[2] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, *see* Fed. R. Civ. P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the Defendants are directed to answer the Amended Complaint.

IT IS SO ORDERED.

Dated: March 2, 2015
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge